```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
EL CONQUISTADOR PARTNERSHIP L.P., S.E., et al.,                        :
                                                                       :
                            Plaintiffs,                                :
                                                                       :    24 Civ. 7722 (JPC)
              -v-                                                      :
                                                                       :           ORDER
ROYALE BLUE HOSPITALITY, LLC,                                          :
                                                                       :
                            Defendant.                                 :
                                                                       :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

On October 11, 2024, Defendant Royale Blue Hospitality, LLC removed this case from the Supreme Court of the State of New York, County of New York. *See* Dkt. 1. In its notice of removal, Defendant identifies diversity jurisdiction as the grounds for removal. *Id.* at 2-5; *see* 28 U.S.C. § 1332. For the purposes of diversity jurisdiction, a limited liability company takes the citizenship of each of its members. *See, e.g.*, *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 52 (2d Cir. 2000). "A complaint premised upon diversity of citizenship must allege the citizenship of *natural persons* who are members of a limited liability company and the place of incorporation and principal place of business of any corporate entities who are members of the limited liability company." *New Millenium Cap. Partners, III, LLC v. Juniper Grp. Inc.*, No. 10 Civ. 46 (PKC), 2010 WL 1257325, at *1 (S.D.N.Y. Mar. 26, 2010) (emphasis added).

Defendant's notice of removal partially identifies the membership or partners of the Plaintiffs, namely by identifying that they are owned by other Delaware limited liability companies. *See* Dkt. 1 at 3-5. But "if . . . LLC-parties have members which are LLC's, the citizenship of the members of those LLC's must also be given, and must be diverse," such that "'an LLC's jurisdictional statement must identify the citizenship of each of its members as of the

date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well.'" *Avant Cap. Partners, LLC v. W108 Dev. LLC*, 387 F. Supp. 3d 320, 322-23 (S.D.N.Y. 2016) (quoting *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007)).

"Defendant seeks to invoke diversity jurisdiction as its basis for removing this action to this Court.  Therefore, Defendant, as the removing party, bears the burden of demonstrating the propriety of removal." *Ankura Consulting Grp., LLC v. Mortazavi*, No. 22 Civ. 2385 (VSB), 2022 WL 3445766, at *2 (S.D.N.Y. Aug. 17, 2022).  The notice of removal does not plead the membership of the Plaintiffs' LLC-members in turn, and thus fails to adequately establish diversity jurisdiction as grounds for removal.  By October 22, 2024, Defendant shall re-file the notice of removal and identify the membership of the Plaintiffs' LLC members.

SO ORDERED.

Dated: October 15, 2024  
New York, New York

_____  
JOHN P. CRONAN  
United States District Judge